No. 2341.—P. F. Thomas v. C. L'Hote et al.

If a contract of building has been dissolved by the death of the undertaker, and the proprietor accepts the work done and materials furnished, he must account to the heirs for their value in the proportion they bear to the price agreed upon for the construction of the entire building.

APPEAL from the Fourth District Court, parish of Orleans. *Théard*, J. *Saucier & Michinard*, for plaintiff and appellee. *E. Schmidt, Sambola & Ducros, Murphy & Lambert* and *Hyman, Wallace & Handlin*, for defendants and appellants.

HOWE, J. The plaintiff alleges that on the twentieth of September, 1867, he made a written contract with Charles Crampon, whereby the latter bound himself to build for the former a house and dependencies for the price of $7000; that Crampon, who had delayed the work, and failed to deliver the house at the stipulated date, died in February, 1868; that his wife and heirs, declining to complete the work under the contract, and making no claim thereunder, he, the plaintiff, kept the work which had been done, *and such portion of the materials as had been actually used* toward the erection of the buildings, and completed the work according to the contract after an estimate of the probable cost;

10

that previous to Crampon's death he had paid him $3000; and that in completing the buildings he, the plaintiff, had expended on account of the balance of the price the sum of $3300, and was entitled also to a further credit of $25 for a cistern not furnished as stipulated; leaving thus the sum of $675 due on the contract of $7000.

He further alleged that after Crampon's death he received attested accounts or notices of claims for work alleged to have been done and materials furnished during Crampon's lifetime, by a number of persons, whose names are set forth, and who are made defendants herein; and, denying any personal liability, he deposited the sum of $675 in court, in order that the defendants might, contradictorily with each other, establish their claims and their several *pro rata* shares to this fund.

The principal allegation of the defendants is, that the amount of the work done by Crampon, and of materials furnished and prepared at the instance of plaintiff for the building, was worth, at the time of Crampon's death, fully $4500, relatively to the price of $7000 stipulated for the whole building; and that the balance of the work to be done and materials to be furnished could and should have been done and furnished, conformably to the specifications of the contract, for the sum of $2500, so that the amount which the plaintiff should have held for distribution should be decreed to be $1500, instead of $675.

There was judgment in favor of the plaintiff as to the amount due by him, $675, which was ordered to be distributed *pro rata* among the defendants. From this judgment the defendants, L'Hote, Demoruelle, Hacker, Mahoney, Stucke, and Lagrange have appealed.

The question to be solved in this case is conceded to be correctly stated in the defendant's brief, and is this:

"What was, at the time of Crampon's death, the value of the work already done by him, and of the materials already prepared, and which were used by Thomas, relatively to the price of $7000 stipulated in the contract?"

Article 2738 of the Civil Code provides that, in case the contract is dissolved by the death of the workman, architect or undertaker, the proprietor shall be bound to pay to the heirs of the latter "the value of the work that has already been done, and of the materials already prepared, *proportionably* to the price agreed on, in case such work and materials may be useful to him."

It is not, therefore, the real, but the relative value of the work and materials that must be compensated. If the contractor, for example, should have made an advantageous bargain, and completed half the work at a cost less than half the contract price, the proprietor would owe his heirs more than the cost of the labor and materials. If, on the contrary, the contractor should have made an improvident agreement, and completed half the work at a cost greater than the half of

the contract price, the proprietor would owe his heirs less than that cost. In the former case the heirs reap the benefit of their ancestor's prudence; in the latter they suffer the injury arising from his rashness.

In the case at bar, it seems that Crampon did not make a wise bargain. He agreed to do work for $7000 that was well worth $8000. The amount due by the plaintiff is somewhat less than the real value of the work and materials. A review of the evidence does not satisfy us that the judge *a quo* erred in fixing the amount at the sum alleged by plaintiff. We think, however, that the claims of the defendants, J. Lincoln & Co. and C. Aiken, should have been disallowed, there being no evidence to support them.

It is therefore ordered that the judgment appealed from be amended by striking therefrom the names of J. Lincoln & Co. and C. Aiken as parties entitled to share *pro rata* in the distribution of the fund, and that in other respects, and as thus amended, the judgment be affirmed. Costs of appeal to be paid by appellees.